OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, the State of Ohio, appeals from the trial court's dismissal of sexual predator proceedings pending against appellee, Walter Laing, III.
On August 10, 1993, appellee pled guilty to one count of rape in violation of R.C. 2907.02 and three counts of corruption of a minor in violation of R.C. 2907.04. Thereafter, on August 24, 1993, the trial court sentenced appellee to serve an indefinite term of ten to twenty-five years in prison on the rape count and a definite term of two years in prison on each count of corrupting a minor. The trial court ordered the sentences to be served concurrently.
In 1997, the Ohio Department of Rehabilitation and Correction recommended that the trial court schedule a hearing to determine whether appellee was a sexual predator pursuant to R.C. Chapter 2950. On July 1, 1997, the trial court dismissed the pending sexual predator proceeding against appellee without holding a hearing. The trial court did so based on its conclusion that the application of R.C. Chapter 2950 to sex offenders who were convicted and sentenced prior to January 1, 1997 violated the ExPost Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. Ultimately, however, these same arguments were rejected by the Supreme Court of Ohio in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus.
Despite this, we affirm the decision of the trial court to dismiss the sexual predator proceeding against appellee on the basis of the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Although this writer interposed a dissent to the majority's mandate in Williams that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section1, Article I of the Ohio Constitution, it is clear that the decision in Williams controls the outcome of the instant appeal. Hence, I defer to the present controlling authority in this appellate district.
 Accordingly, the judgment of the trial court is affirmed. ________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J.,
O'NEILL, J., concur.